## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

SUSAN R. WILK,

    Petitioner,

    v.                                                         Case No. 10-313

CATHY JESS, Warden
Taycheedah Correctional Institution,

    Respondent.

## RULE 4 ORDER

The petitioner, Susan R. Wilk, who is currently incarcerated at Taycheedah Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with her petition, the petitioner filed a motion to expand the record.

The petition states that the petitioner was convicted of one count of first degree reckless homicide in violation of Wis. Stat. § 940.02(1). By her petition, the petitioner challenges the May 31, 2007, judgment of conviction on the following grounds: (1) violation of her fifth and sixth amendment rights when the trial court permitted the admission at trial of purported statements and correspondence of her prior attorney; (2) violation of the constitutional right to a fair trial when the trial court allowed the admission of so-called other acts evidence that the victim sustained four previous accidents while in the petitioner's care; and (3) violation of the constitutional right to a fair trial when the trial court denied the petitioner's right to introduce evidence that the parents of the victim might have been the source of her injuries.

Upon review of the petition, this court is satisfied the petitioner is "in custody" pursuant to the conviction she now challenges. The court is also satisfied that the grounds stated by the petitioner in the petition translate, at least colorably, into a violation of her rights under the United States Constitution. Moreover, it appears from the petition that the petitioner either exhausted her state court remedies or there is no available state corrective process from which the petitioner can still seek a remedy.

Therefore, the court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does <u>not</u> plainly appear from "the face of the petition" that the petitioner is <u>not</u> entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion or other response to the petition for a writ of habeas corpus. After the respondent's answer, motion or other response has been served and filed, the court will address the petitioner's motion to expand the record and will enter orders as necessary to facilitate the orderly progression of the action to disposition.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent be and hereby is directed to serve and file an answer, motion or other response to the petition for a writ of habeas corpus no later than **May 24, 2010**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order and the file contents via the United States mail to Gregory M. Weber, Assistant Attorney General, Wisconsin Department of Justice, Office of Attorney General, P. O. Box 7857, Madison, Wisconsin 53701.

**IT IS ALSO ORDERED** that a copy of this order shall be mailed to the respondent.

Dated at Milwaukee, Wisconsin this 19th day of April, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge